IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVERY T. WILLIAMS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-1570-D |
| | ) | |
| RICK THALER, Director, Texas | ) | |
| Dept. Of Criminal Justice, Correctional | ) | |
| Institutions Division and RISSI OWENS, | ) | |
| Texas Board of Pardons and Paroles, | ) | |
|     Respondents. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## PROCEDURAL BACKGROUND

Petitioner was convicted in 1965 in Dallas County of five counts of robbery and one count of rape in cause numbers E-8429-JI, E-8544-JI, E-8618-JI, E-8546-JI, E-8430-JI and E-8428-JI. He was sentenced to life in prison. Petitioner does not challenge his convictions.

On May 17, 2012, Petitioner filed this petition pursuant to 28 U.S.C. § 2254 challenging the sexual offender conditions of his parole. He argues the sexual offender conditions are unlawful. Petitioner also seeks a temporary restraining order and declaratory judgment against enforcement of the parole conditions.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

On August 3, 2012, Respondent filed his answer arguing the petition should be dismissed for failure to exhaust state remedies.. On August 8, 2012, Petitioner filed a reply. The Court determines the petition should be dismissed.

## EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In this case, Petitioner submits a February 16, 2012, letter from Dallas County showing that he has filed a state habeas petition. (Reply, Ex. A). Petitioner, however, has failed to show that the Court of Criminal Appeals has ruled on his petition. Petitioner has therefore failed to show he has exhausted his state court remedies.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies. The Court also recommends that Petitioner's motions for temporary restraining order and declaratory judgment be denied.

Signed this 18th day of September, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).